FIRE DISTRICT No. 2 WATER WORKS *vs.* GEORGE F. CANNEY.

Hampshire.    September 18, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Water Company,* Meter.    *Contract,* Implied.

Where no question is raised as to the accuracy of the meters used, there is nothing in the provisions of G. L. c. 165, § 10, which prevents a water company from establishing a claim in an action of contract against a user of water by showing that the water first flowed through and was recorded upon a meter on the premises of the defendant and then flowed through and was recorded in a meter, not subject to control by the defendant, on premises of another customer on the same line of pipe, the claim of the plaintiff being for the difference between the amount shown on the defendant's meter and that shown on the second customer's meter.

The implication of G. L. c. 165, § 10, is that the right to object to a water meter for inaccuracy is lost, if application for test and examination under the statute is not made before the date for payment for water recorded thereby has passed.

CONTRACT upon an account annexed for water delivered by the plaintiff to the defendant during six years preceding December 1, 1925, and interest.    Writ in the District Court of Hampshire dated December 20, 1927.

Material evidence at the trial in the District Court is stated in the opinion.    The defendant asked for the following rulings:

"1. Defendant is not liable for any use of water by others, or loss or leakage of water from any cause independent of defendant's acts and outside premises of defendant, if plaintiff caused or allowed such water to flow to premises of others outside control of defendant after flowing through a

meter on defendant's premises unless defendant had in writing agreed so to become liable.

"2. If plaintiff allowed other customers than defendant to draw water through the meter by which plaintiff claims to have measured the water alleged to been delivered to defendant, and the amount of water so drawn by others was sufficient to cause the readings of said meter to substantially vary from what the said readings would have been if only defendant had drawn water through said meter, plaintiff cannot be heard to say that the meter furnished to premises of defendant correctly showed the amount of water delivered to defendant, or that such an examination of said meter as is contemplated by G. L., c. 165, § 10, would have resulted in showing the amount of water defendant was liable for.

"3. If plaintiff, a public utility corporation, failed to furnish defendant with such a meter that the substantially correct amount of water drawn by defendant was shown, without reference to any other meter not under defendant's control, plaintiff cannot recover for meter rent.

"4. If plaintiff, a public utility corporation, failed to furnish defendant such a meter that the amount of water drawn by defendant could be ascertained with substantial correctness from said meter alone and without comparison with any other measuring instrument or meter, plaintiff cannot recover on any claim for water delivered and based on readings on said meter which did not, without comparison with other meters outside the defendant's premises or control, show the amount of water drawn by defendant.

"5. If defendant did draw water through a meter which did not with substantial correctness show the amount of water so drawn and plaintiff based claims on the said meter readings, any just claim the plaintiff may have is for the amount of water actually used and is an unliquidated claim upon which plaintiff cannot recover for interest."

The judge refused the first ruling as inapplicable, and the fifth because there "was no evidence that any meter furnished by the plaintiff was in any way inaccurate." The other rulings were "refused."

The judge found for the plaintiff in the sum of $327.72 and reported the action to the Appellate Division for the Western District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*W. S. Rathbun,* for the defendant.

*C. W. Cavanaugh,* for the plaintiff.

WAIT, J. The plaintiff sues to recover its charges for water delivered to the defendant during the six years following December 1, 1919. After an order for judgment for the plaintiff, and an order of an appellate division dismissing a report, the case is before us upon appeal. The defendant's contention is, in substance, that recovery can be had only in accord with meter readings from a meter which registers no water except that delivered to the customer sought to be charged, and that consequently there was error in admitting other evidence of the amount delivered and in refusing certain requests for rulings based upon the contention stated.

The plaintiff's right to recover upon the items of its declaration which set out minimum charges for water rent was not disputed, nor was the price per hundred cubic feet charged for water supplied in excess of the minimum of twenty-five hundred cubic feet in each six months questioned. The plaintiff was allowed to show that water was delivered to the defendant's premises through a pipe which continued onward to premises of the Springfield Gas Light Company and also supplied that company. There was a meter on premises of the defendant which measured the cubic feet of water there flowing, and another meter on the premises of the gas company not subject to control by the defendant, which measured the flow at the second meter. No person by reading the first meter without reference to the readings of the second could ascertain the amount of water used by the defendant.

The plaintiff, to prove the number of cubic feet of water delivered to the defendant, was permitted to show the readings of both meters and the amounts obtained by sub-

tracting the readings of the second from the readings of the first. It was this which the defendant contends to be error. No contention was made that either meter was inaccurate. No request for an examination or test of the accuracy of the meter under G. L. c. 165, § 10, was made by the defendant during the six years in question.

The defendant argues that the implications of G. L. c. 165, § 10, and the dictates of public policy require us to rule that recovery by water companies for water supplied to customers is limited to such water as has been metered by a meter registering only the flow to the customer and subject to his inspection and control. He cites no authority therefor, and we find none. The section cited entitles any user of "water supplied by a city, town, district or company, measured by a meter" to have a test and examination of the meter to determine its accuracy in any quarter or period made before the expiration of the time when the rate for the quarter or period is required to be paid; and provides a remedy if the meter is found to be inaccurate. We see nothing in this which requires that the meter shall have registered no water except that flowing to the particular customer who calls for the test. Even if on proper application the customer may insist upon a meter which shall register only water supplied to him, acceptance without complaint for six years of water delivered through a pipe supplying other customers besides himself establishes a waiver of such right. The implication of the section is that the right to object for inaccuracy itself is lost, if application for test and examination is not made before the date for payment has gone by.

Nor do we discover any rule of public policy which frowns upon a situation such as is here disclosed. The supply to the defendant was measured by two meters, both essential to the measurement. The statute is broad enough to entitle him to a test of either or both. His water is "measured by a meter." He is not harmed if more than one must be consulted.

What has been said shows that the rulings requested

were dealt with properly.  Demand was made for payment of the various amounts as they became due.  Interest was allowed properly for delay in the payment.

*Order dismissing report affirmed.*